**FILED**

APR 2 8 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA          )
                                  )      Criminal No. 05-0126 (RMU)
              v.                  )
                                  )      Violation:
PATRICIA RAIKES                   )      18 U.S.C. §§ 209(a) and 216(a)(2)
                                  )      (Conflict of Interest)
_____    )

## PLEA AGREEMENT

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the United States of

America and the defendant, Patricia Raikes, agree as follows:

1. The defendant is entering this agreement and is pleading guilty freely and voluntarily

without promise or benefit of any kind, other than contained herein, and without threats, force,

intimidation, or coercion of any kind.

2. The defendant knowingly, voluntarily and truthfully admits the facts contained in the

attached Factual Basis for Plea.

3. The defendant agrees to plead guilty to an information charging her with one count of

Conflict of Interest, in violation of 18 U.S.C. §§ 209(a) and 216(a)(2). The defendant admits that

she is guilty of this crime, and the defendant understands that she will be adjudicated guilty of

that offense.

4. The defendant understands the nature of the offense to which she is pleading guilty,

and the elements thereof, including the penalties provided by law. The maximum penalties for a

violation of 18 U.S.C. §§ 209(a) is five (5) years, a fine of not more than $250,000, and a period

of supervised release of not more than three (3) years, and a mandatory special assessment of

$100. The defendant understands that the Court may impose a term of supervised release to

follow any incarceration, in accordance with 18 U.S.C. § 3583, and that, in this case, the

authorized term of supervised release is not more than three years. The defendant also understands that the Court may impose restitution, costs of incarceration and costs of supervision.

5. If the Court accepts defendant's plea of guilty to the Information, and the defendant fulfills each of the terms and conditions of this agreement, the United States agrees that it will not further prosecute the defendant for crimes arising from the facts as set forth in the Factual Basis for Plea.

6. The defendant understands that although the Court must consult the Sentencing Guidelines and take them into account at sentencing, the Guidelines are only advisory.

7. The parties agree that Sentencing Guidelines effective November 1, 2000 are the appropriate Sentencing Guidelines; U.S.S.G. § 2C1.4 is the applicable guideline, and that the base offense level is six. The parties agree that no specific offense characteristic or adjustment to the guideline level other than those discussed in this Agreement are appropriate.

8. If, as part of the defendant's obligation to cooperate as set forth in this agreement, the defendant provides self-incriminating information, such information shall be subject to the protections, terms, and conditions set forth in U.S.S.G. § 1B1.8 (a) & (b). These protections do not apply, however, to information provided by the defendant to the government prior to this agreement being approved by the Court, including all facts contained in the attached Factual Basis for Plea, unless otherwise covered by a proffer agreement. Nor do these protections apply to any facts the government learns prior to sentencing by any means other than the defendant's own statements.

2

9. The defendant agrees that she will cooperate fully, completely, and truthfully with all investigators and attorneys of the United States, by truthfully providing all information in her possession relating directly or indirectly to all criminal activity by herself and others and related matters which concern the subject matter of this investigation and of which she has knowledge, or relating to other matters deemed relevant to the United States. This includes, but is not limited to, testifying fully and completely before any grand jury, at any pre-trial proceeding, during any trial, and any post-trial proceeding.

10. Should the defendant comply fully with her obligations under this agreement, including providing full, complete and truthful cooperation as set forth in this Plea Agreement, and clearly demonstrate acceptance of responsibility for the instant offense, the United States will recommend that the defendant receive a two-level reduction for acceptance of responsibility under § 3E1.1 of the Sentencing Guidelines. Assuming that the Court grants this two-level reduction, defendant's offense level will be 4. The parties agree that no adjustment to the guideline level other than those discussed in this Agreement is appropriate. The defendant understands that these recommendations and agreements are not binding on the Court or the Probation Office and that she may receive any sentence within the statutory maximum for the offense of conviction.

11. Defendant understands that the government will seek restitution and/or fines in the amount of $11,900, which amount the government contends is the combined value of the airfare for the three trips ($5,500.00 total) and the value of the comped hotel rooms ($6,400.00) taken by defendant as described in the Factual Basis for Plea. The government understands that defendant will contend that restitution and/or fines are not appropriate in this case.

3

12. The United States cannot and does not make any promise or representation as to what sentence the defendant will receive or what fines or restitution, if any, the defendant may be ordered to pay. The defendant understands that the sentence and the sentencing guidelines applicable to this case will be determined solely by the Court, with the assistance of the United States Probation Office, that the parties' recommendation regarding the Guidelines is not binding on the Court, that the Court may impose the maximum sentence permitted by the statute, and that the defendant will not be permitted to withdraw her plea regardless of the sentence calculated by the United States Probation Office or imposed by the Court.

13. The United States agrees not to object to a probationary sentence in this case. The attorneys for the United States will inform the Court and the Probation Office of (1) this agreement; (2) the nature and extent of the defendant's activities with respect to this case; and (3) all other information in its possession relevant to sentencing.

14. In consideration for the defendant's compliance with all of the terms of this agreement, the government will not oppose a request by defendant at the time her plea is entered for conditions of release that will permit her to remain free pending sentencing.

15. If the defendant fails to comply with any of the material conditions and terms set forth in this agreement, including but not limited to failing to cooperate, intentionally withholding information, giving false information, failing to meet with law enforcement authorities, committing perjury, failing to identify assets obtained by her from her illegal activities or obtained by others associated with her or of which she has knowledge, or refusing to testify before the grand jury or at any judicial proceeding, the defendant will have committed a material breach of the agreement, which will release the government from its promises and

commitments made in this agreement. Upon defendant's failure to comply with any of the terms and conditions set forth in this agreement, the government may fully prosecute the defendant on all criminal charges that can be brought against the defendant.

With respect to such a prosecution:

a. The defendant shall assert no claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(e)(6) of the Federal Rules of Criminal Procedure, or any other federal rule, that defendant's statements pursuant to this agreement or any leads derived therefrom, should be suppressed or are inadmissible;

b. The defendant waives any right to claim that evidence presented in such prosecution is tainted by virtue of the statements the defendant has made; and

c. The defendant waives any and all defenses based on the statute of limitations with respect to any such prosecution that is not time-barred on the date that this agreement is signed by the parties.

16. In the event of a dispute as to whether defendant has knowingly committed any material breach of this agreement, and if the United States chooses to exercise its rights under the preceding paragraph, and if the defendant so requests, the matter shall be submitted to the Court and shall be determined by the Court in an appropriate proceeding at which defendant's disclosures and documents shall be admissible and at which time the United States shall have the burden to establish the defendant's breach by a preponderance of the evidence.

17. The defendant agrees that if the Court does not accept the defendant's plea of guilty, this agreement shall be null and void.

5

18. The defendant understands that this agreement is binding only upon the Public Integrity Section of the Department of Justice. This agreement does not bind any United States Attorney's Office, nor does it bind any state or local prosecutor. It also does not bar or compromise any civil or administrative claim pending or that may be made against defendant. If requested, however, the Public Integrity Section will bring this agreement to the attention of any other prosecuting jurisdiction and ask that jurisdiction to abide by the provisions of this plea agreement. The defendant understands that other prosecuting jurisdictions retain discretion over whether to abide by the provisions of this agreement.

19. This agreement and the attached Factual Basis for Plea constitute the entire agreement between the United States and the defendant. No other promises, agreements, or representations exist or have been made to the defendant or the defendant's attorneys by the Department of Justice in connection with this case. This agreement may be amended only by a writing signed by all parties.

Dated: 4/28/05

FOR THE DEFENDANT

FOR THE UNITED STATES

NOEL L. HILLMAN
Chief, Public Integrity Section

By:

Patricia Raikes
Defendant

Peter R. Zeidenberg
Nicholas A. Marsh
Sabrina A. Hamilton
Trial Attorneys
U.S. Department of Justice
Criminal Division
Public Integrity Section
1400 New York Avenue, N.W.
12th Floor
Washington, D.C. 20005
(202) 514-1412

Michael Hannon
Counsel for Defendant