## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | CR-05-126-01 |
| v. | : | |
| | : | Judge Urbina |
| PATRICIA RAIKES | : | |

### DEFENDANT'S MEMORANDUM IN AID OF SENTENCING

Patricia Raikes, through her attorneys THOMPSON O'DONNELL, LLP, presents this memorandum in aid of her sentencing which is scheduled for August 16, 2005, at 2:00 p.m.

Under the plea agreement in this matter, the Government has agreed not to object to a sentence of probation. Both the Government and the United States Probation Officer Jean Lubinsky recommend that Ms. Raikes receive a 2-level reduction for acceptance of responsibility. The Presentence Investigation Report presents an accurate assessment of this matter, as well as Ms. Raikes' genuine and heartfelt remorse. If the Court accepts the recommendation of a 2-level reduction for acceptance of responsibility, the total offense level is 4, which would justify a sentence of probation. While the Government reserved the right to request restitution, as the Presentence Report Investigation indicates, restitution is not permitted in this matter. For the reasons stated herein, we respectfully suggest that a fine is also not an appropriate penalty.

Ms. Raikes in her teaching career and in her government service had a flawless record until this incident. While she has agreed to plead guilty to a criminal offense because she did something wrong, it is important for the Court to appreciate that this plea is more a result of Ms. Raikes' very high expectations for herself than a result of the harmful effects of her conduct. Ms. Raikes, while posted in a war-zone without friends and family, was befriended by a wealthy

1

and popular Lebanese American woman who was for many years and continues to be a patron of the U.S. Embassy in Beirut, its Ambassador, and the many Americans stationed there. Everyone from the Ambassador to civil service employees at the Beirut Embassy has at one time or another been the beneficiary of gifts from this woman.

Flattered by the attention, Ms. Raikes became close with this Lebanese-American woman's daughter and grandchildren. Ms. Raikes was a guest at their homes, just as other Americans assigned to the Beirut Embassy were guests at their homes. The Lebanese-American woman introduced Ms. Raikes to two other Lebanese Americans who worked for multinational U.S. corporations. These individuals provided "comped" rooms at casinos in Las Vegas for visits by Ms. Raikes and others in her family. She was persuaded to accept one of these visits on a pretext of raising money for the American University in Lebanon. This all seemed a natural relationship to Ms. Raikes, until she was pressured by the Lebanese American woman to exercise her discretion to award visas to persons who otherwise would have had to travel to Damascus, Syria, to obtain their visas. Ms. Raikes resisted these requests at first. While it was within her discretion to award these visas, Ms. Raikes has recognized that under the circumstances it was improper for her to have accepted the vacation packages provided to her by these Lebanese Americans.

The Court should also appreciate that the Government has no evidence that any of the persons to whom Ms. Raikes issued visas has engaged in any misconduct. The Lebanese Americans promoted their relationship with Ms. Raikes in order to enhance their own importance in Lebanon: that is, by their relationship with Ms. Raikes they were able to do favors for a handful of young Lebanese to enable these young people to obtain visas without making the long and dangerous trip to Damascus, Syria. The Lebanese Americans were trading on their

2

relationship with Ms. Raikes.  Ms. Raikes' error was in allowing them to provide her with gifts, not in providing visas to persons who might not otherwise have been able to obtain them without traveling to Damascus, Syria.

When Ms. Raikes was first interviewed about this matter by investigators for the State Department, she candidly admitted her indiscretions and volunteered that it was wrong for her to have accepted these vacations from the Lebanese Americans.

In determining an appropriate punishment for Ms. Raikes, the Court should appreciate that no adverse action was taken by the State Department against Ms. Raikes.  Her security clearance was suspended; however, she was permitted to take a position in Washington, D.C., where she worked until her retirement.  She was allowed to retire with no financial sanction or penalty of any kind; whereas, in other instances of misconduct, Department employees are banished from the work place, suffer administrative actions against their wages, or are discharged.  Ms. Raikes was working in a position of trust here in Washington, D.C., and this lack of action against her is evidence that the State Department recognizes that her misconduct was minor.

In determining a punishment, the Court should also appreciate that the United States has not undertaken to prosecute any other persons involved in this matter, including the popular Lebanese American woman.  This is so even though the Government apparently has evidence that a person associated with the Lebanese American woman was trafficking in visas.  The hallmark of justice is equal treatment under the law.  Our point is not to excuse the conduct of Ms. Raikes, but rather to point out that these events are of little consequence to the Government or that it favors these others over Ms. Raikes.

Ms. Raikes' career and her pride are forever stained. She has done all she can to earn the mercy and understanding of the Court. Her remorse and shame are genuine. We respectfully suggest that a fine would only make her retirement in the company of her mother, son and grandchild all the more onerous for her and them.

Respectfully submitted,

THOMPSON O'DONNELL, LLP

Michael Hannon, Bar No. 352526
1212 New York Avenue, N.W.
Suite 1000
Washington, D.C.  20005
(202) 289-1133
(202) 289-0275 FAX

Attorneys for Patricia Raikes

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Memorandum in Aid of Sentencing was mailed first class postage prepaid this 8th day of July, 2005, to the following counsel for the United States:

Peter Zeidenberg
Trial Attorney
Department of Justice
Public Integrity Section
10th and Constitution Avenue, N.W.
Washington, D.C.  20530

J. Michael Hannon

4